1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MARK LEE STINSON,

11              Petitioner,                    No. CIV S 06-0068 FCD EFB P

12         vs.

13    MARTIN VEAL, Warden, et al.,

14              Respondents.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15    _____/

16         Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17    U.S.C. § 2254.  Respondent moves to dismiss this action on the grounds that the petition is

18    second or successive.  It challenges the same judgment on the same grounds as the petition in

19    case number Civ. S-99-1524 WBS JFM P, a prior petition dismissed as untimely.  Respondent

20    moves to dismiss this petition as untimely. *See* 28 U.S.C. § 2244.  Petitioner concedes that he

21    previously filed an application challenging the same judgment and that it was dismissed as

22    untimely.  But he argues that the dismissal was not an adjudication on the merits and, therefore,

23    the prohibition against district courts entertaining second or successive petitions does not apply.

24    Accordingly, the question before the court is whether the dismissal of the prior application as

25    untimely is an "adjudication on the merits" for purposes of the restrictions on second or

26    successive petitions, which is codified at 28 U.S.C. § 2244(1).

For the reasons explained below, the court finds that the present application is second or successive and that petitioner has not obtained an order authorizing him to proceed with it.  28 U.S.C. § 2244(1)(a), (3).  Without such an order, the court lacks jurisdiction to consider the timeliness of the present application.  *Cooper v. Calderon*, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

## I.

### FACTS

On June 22, 1999, petitioner filed an application for a writ of habeas corpus in this court, which was designated Civ. S-99-1524 WBS JFM P.  In it, petitioner challenged a November 15, 1993, conviction of first degree murder, assault and brandishing a weapon, for which he was sentenced to 29 years to life in prison.  Petitioner alleged that the trial court abused its discretion in several evidentiary rulings, including denying a *Wheeler* motion, a motion to suppress blood evidence, denying a request to strike witness Espinoza's testimony, and permitting hearsay evidence about the victim.  He also alleges an abuse of discretion by the trial court's failure to instruct the jury on accomplice testimony and intoxication.  The petitioner further alleges that trial counsel was ineffective by arguing that if petitioner killed the victim it was an accident and by failing to request a jury instruction on voluntary intoxication and accomplice testimony.  The petition accuses the prosecutor of misconduct by allegedly telling the judge that the death certificate was not signed and could not be used as evidence.  Petitioner further claims that the prosecutor should have known that his main witnesses were lying, and that the prosecutor improperly told the jury that the petitioner was on drugs at the time the victim was shot.  Finally, petitioner accuses his appellate counsel of ineffective assistance by allegedly failing to tell petitioner that the court of appeals affirmed his conviction and by failing to raise unspecified, meritorious issues.  In an order dated May 1, 2000, the court dismissed that petition as untimely.

Petitioner filed the present application on January 11, 2006.  In it, he again challenges a November 15, 1993, conviction of first degree murder, assault and brandishing, for which he was

1    sentenced to 29 years to life in prison.  As grounds for relief in the present application, petitioner

2    again alleges that the trial court abused its discretion by not instructing the jury on voluntary

3    intoxication; (2) trial counsel was ineffective by failing to have DNA testing performed on

4    petitioner's clothing, failed to prevent the police from destroying petitioner's clothes before

5    DNA testing could be performed, failed to challenge petitioner's warrantless arrest, failed to

6    show the judge the death certificate showing the victim died from rifle wounds and not handgun

7    wounds, failed to request an instruction on voluntary intoxication, and should not have argued

8    that if petitioner killed the victim, it was an accident; and (3) appellate counsel was ineffective

9    by failing to communicate with petitioner, refusing to include various unspecified issues in the

10   appeal, and failed to advise petitioner that a new (unspecified) law adversely would affect

11   petitioner.

## II.

## STANDARDS

14        Federal statutes prohibits district courts from entertaining a claim in a second or

15   successive application for a writ of habeas corpus unless the petitioner has obtained permission

16   from the appellate court.  28 U.S.C. § 2244(b); Rule 9, Rules Governing Section 2254

17   Proceedings.  Congress did not define "second or successive," leaving the courts to rely upon the

18   historical purpose of the writ and judicially-crafted rules to breathe meaning into this section.

19   *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998) (using judicial precedent ante-

20   dating § 2244(b)(3)(A) to interpret it); *Henderson v. Lampert*, 396 F.3d 1049, 1053) (same).  The

21   writ of habeas corpus historically has been "a privileged writ of freedom," to which the doctrine

22   of *res judicata* does not apply.  *McCleskey v. Zant*, 499 U.S. 467, 479 (1991); *Salinger v. Loisel*,

23   265 U.S. 224, 230-32 (1924) ; *see also Sanders v. United States*, 373 U.S. 1, 8 (1963)

24   ("Conventional notions of finality of litigation have no place where life or liberty is at stake and

25   infringement of constitutional rights is alleged.").

26   ////

1      Recognizing the need for finality in federal habeas, however, courts developed a term of

2  art, i.e., "second or successive petition," to describe two distinct situations in which the need for

3  finality could prevent a federal court from entertaining a claim. *See Slack v. McDaniel*, 529 U.S.

4  473, 486 (2000). One situation involved a petitioner filing an application asserting the same

5  ground for relief which he presented in a prior application and which was determined adversely

6  to him on the merits. *Sanders v. United States*, 373 U.S. 1, 15 (1963). The other, which gave

7  rise to what is known as the "abuse of the writ doctrine," involved a petitioner filing a later

8  application challenging the same judgment as a prior application, either alleging a *new* ground

9  for relief, or presenting a ground previously alleged but not adjudicated on the merits. *Sanders*,

10  at 17.

11      Historically, these two situations were treated differently. In the former, courts were

12  required to dismiss the petition unless it was in the interest of justice to reach the merits. *Id.* at

13  15. In the latter, "full consideration of the merits of the new application [could] be avoided only

14  if there [had] been an abuse of the writ." *Id.* at 17; *see also McCleskey v. Zant*, 499 U.S. 467,

15  498-497 (1991) (adopting cause and prejudice standard for entertaining abusive petitions). The

16  AEDPA, however, introduced to habeas practice a "modified *res judicata* rule, a restraint on

17  what used to be called in habeas corpus practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U.S.

18  651, 664 (1996). Modernly, therefore, district courts must dismiss any application that presents

19  claims that were, or could have been, adjudicated on the merits in a previous application

20  challenging the same judgment. *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).

21  Given petitioner's concession, which the court later determines to be well founded, that he filed

22  a prior application challenging the same judgment and that the court dismissed it as untimely,

23  this court must determine whether that dismissal constitutes an adjudication on the merits.

24      Since the statute of limitations is an affirmative defense, *see Day v. McDonough*, ___ U.S.

25  ___, 126 S.Ct. 1675, 1683, 1684 (2006), the court considers whether dismissal based on that

26  defense is an adjudication on the merits by analogy to the Ninth Circuit's treatment of the

affirmative defense that petitioner defaulted a state procedural rule.  *See Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003) (petitioner's default of a state procedural rule is an affirmative defense).  Precedent pre-dating the AEDPA holds that, "in general, a dismissal of a federal habeas petition on the ground of state procedural default is a determination 'on the merits' for purposes of the successive petition analysis in *Sanders v. United States*, 373 U.S. 1 (1963)." *Howard v. Lewis*, 905 F.2d 1318, 1319 (9th Cir. 1990).  Dismissal on that ground is an adjudication on the merits because even though the court "is *not* determining the merits of the underlying claims, it *is* making a determination on the merits that the underlying claims *will not* be considered by a federal court for reasons of comity."  *Howard*, 905 F.2d at 1322.  The federal court will not decide the factual and legal disputes of the first petition solely because the state court had a reason grounded in state law for not doing so, and federal policy is to respect the state's ruling.  *Id*. at 1322-23.  Therefore, if a petitioner brings a subsequent petition challenging the same judgment on the same grounds, "the interest underlying the dismissal of the first petition, i.e., federal-state comity, is still present."  *Id*. at 1323.  After the AEDPA, the federal concern for comity is even greater than before. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 1999) (the "AEDPA has only strengthened the "petition-limiting rules" interpreted in *Howard* and similar pre-AEDPA decisions.").  Accordingly, *Howard* retains its precedential value and "a denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 or § 2255 motion 'second or successive' for purposes of the AEDPA."  *Henderson*, 396 F.3d at 1053.

As with procedural default, once a court dismisses a habeas application as untimely, it effectively announces that no court ever will reach the merits.  Furthermore, the limitation period of § 2244(d)(1) "quite plainly serves the well-recognized interest in the finality of state court judgments."  *Duncan v. Walker*, 533 U.S. 167, 179 (2001).  While not mentioned in *Henderson*, the interest in finality ordinarily is expressed in the same breath as the interest in comity with respect to the bar to entertaining claims deemed defaulted.  *See Coleman v. Thompson*, 501 U.S.

722, 750 (1991) ("We now recognize the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them."); *see also Murray v. Carrier*, 477 U.S. 478, 495 (1986) ("comity and finality must yield to the imperative of correcting a fundamentally unjust incarceration).  From this precedent, it is clear that the function of these two defenses is the same and the policies underlying them overlap.  Given these similarities, the court finds that for purposes of 28 U.S.C. § 2244(b), they should be treated the same.  Accordingly, dismissal as untimely under 28 U.S.C. § 2244(d) is a determination 'on the merits' for purposes of deciding whether an application is second or successive.  The court now turns to the facts of this case.

### III.

### ANALYSIS

The court has reviewed the applications in case number Civ. S-99-1524 WBS JFM P and in the present case and finds that petitioner's concession is well-taken.  Both applications challenge a November 15, 1993, conviction of first degree murder, assault and brandishing, for which he was sentenced to 29 years to life in prison.  Some of the claims in the present application were presented in the prior application, and some were not.  In an order dated May 1, 2000, this court dismissed the application in case number Civ. S-99-1524 WBS JFM P as untimely.  It is for the appellate court to determine whether this court may entertain the new claims, and petitioner has not demonstrated that he has obtained an order from the appellate court authorizing this court to do so.  *See* 28 U.S.C. § 2244(b)(3).  In fact, he concedes that he has not.  Petition at 4.

The court finds that the present application is second or successive, the prior application was adjudicated on the merits, and this court has not been granted authority to entertain it. Without such an order, this court lacks jurisdiction to consider the question of timeliness. *Cooper*, 274 F.3d at 1274-1275 (28 U.S.C. § 2244(b) is jurisdictional).  Therefore, this action must be dismissed.

1     Accordingly, it is hereby RECOMMENDED that this action be dismissed.  *See* 28 U.S.C.

2   § 2241(b).

3     These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

5   after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  January 17, 2007.

11

12              EDMUND F. BRENNAN
                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26